**Victoria C. FANALE, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE, Social Security Administration, Defendant–Appellee.**

No. 08–55242.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 13, 2009.

Filed April 20, 2009.

Bertram L. Potter, Esquire, Potter, Cohen & Samulon, Pasadena, CA, for Plaintiff–Appellant.

Sharla Cerra, Esquire, Office of the U.S. Attorney, Los Angeles, CA, John C. Cusker, Special Assistant U.S., Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: CANBY, RAWLINSON and N.R. SMITH, Circuit Judges.

MEMORANDUM *

Victoria Fanale appeals the district court's decision affirming the Administrative Law Judge's ("ALJ") denial of her application for disability insurance benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the

district court's order affirming the ALJ's decision denying benefits. *See Thomas v. Barnhart,* 278 F.3d 947, 954 (9th Cir.2002) (citation omitted). The decision of the ALJ must be affirmed if it is supported by substantial evidence. *See Batson v. Comm'r of Soc. Security Admin.,* 359 F.3d 1190, 1193 (9th Cir.2004).

Fanale does not contest the ALJ's finding that her date last insured was December 31, 2002. Therefore, Fanale had the burden to show that she was disabled on or before this date. *Johnson v. Shalala,* 60 F.3d 1428, 1432 (9th Cir.1995). She did not meet this burden.

An ALJ's credibility finding is entitled to deference if it is supported by substantial evidence and is "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds...." *See Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir.1991) (en banc). Among the relevant factors, an ALJ may consider (1) "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment"; (2) "the claimant's daily activities[,]" and; (3) "ordinary techniques of credibility evaluation." *Id.* at 346 (citations omitted). The ALJ found that Fanale's subjective complaints were not credible, citing (1) significant gaps in her medical treatment with Drs. Roy Ashford, Philip Merritt, and Richard Friedman which did not corroborate her claimed level of medical dysfunction; (2) her demeanor at the hearing; (3) a lack of objective medical findings, and (4) inconsistencies between her complaints and her daily activities. We hold that the ALJ's clear and convincing reasons for discrediting Fanale's subjective complaints were supported by substantial evidence and were sufficiently specific. Therefore, the ALJ's finding must be affirmed. *See Batson,* 359 F.3d at 1193.

Opinions by treating physicians may be rejected if the ALJ gives " 'specific and legitimate reasons' supported by substantial evidence in the record...." *Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir.2007) (citation omitted). The ALJ gave specific and legitimate reasons, which were supported by substantial evidence, for rejecting the opinions of Fanale's treating physicians. Accordingly, the ALJ properly relied on the Medical Expert's opinion and rejected the opinions of Fanale's treating physicians.

An ALJ "need not include all claimed impairments in his hypotheticals," if he "make[s] specific findings explaining his rationale for disbelieving any of the claimant's subjective complaints not included in the hypothetical." *Light v. Soc. Sec. Admin.,* 119 F.3d 789, 793 (9th Cir. 1997) (citation omitted). On the basis of the vocational expert's answers to various hypothetical questions that omitted certain impairments, the ALJ found that Fanale could perform her past work. Given that the ALJ found Fanale's testimony about her subjective complaints was not credible—a finding supported by substantial evidence—the ALJ did not err in excluding those impairments from the hypotheticals.

**AFFIRMED.**